UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cr-139-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **ANTHONY SHARPER, SR.,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before this Court on Defendant's motion for a reduced sentence under Amendment 821 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). (Doc. No. 75). Defendant is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina, Inc. The Government has filed a response, agreeing that Defendant is eligible for a sentence reduction and consenting to a reduction in his sentence. (Doc. No. 80). For the following reasons, the Court will grant the motion.

**I.  Background**

Between 2017 and 2020, Defendant and his wife embezzled money from the athletic booster club at South Mecklenburg High School. (Doc. No. 47 ¶¶ 5–8, 23–25). Defendant used the embezzled funds on car payments, dining, clothing, and travel, among other expenses. (Id. ¶ 25). Defendant also engaged in several other schemes to defraud, including fraudulently obtaining several loans intended for businesses harmed by the COVID-19 pandemic. (Id. ¶ 33). Defendant also engaged in tax fraud and money laundering. (Id. ¶¶ 60–64).

A federal grand jury indicted Defendant and charged him with wire fraud, 18 U.S.C. § 1343; two counts of making false statements to a financial institution, 18 U.S.C. § 1014; making false statements to the Small Business Administration, 18 U.S.C. § 1014; two counts of money

1

laundering, 18 U.S.C. § 1957; and two counts of filing a false tax return, 26 U.S.C. § 7206(1). (Doc. No. 1). Three months after he was indicted, Defendant entered into a plea agreement with the United States and pleaded guilty to the wire-fraud offense, one count of making false statements to a financial institution. (Doc. Nos. 31, 34).

This Court's probation office submitted a presentence report and calculated a total offense level 20, which included a 14-offense-level increase because he was responsible for a loss of more than $550,000 but less than $1.5 million. (Doc. No. 47 ¶¶ 103, 128). The probation office assigned Defendant zero criminal-history points and found that the Sentencing Guidelines advised a sentence of between 33 and 41 months in prison based on a total offense level of 20 and a criminal-history category of I. (Id. ¶¶ 143, 172).

At Defendant's sentencing hearing, this Court reduced his total offense level by two levels, finding that he was responsible for a loss of at least $250,000 but less than $550,000. (Doc. No. 61 at 1). This Court found that the Sentencing Guidelines advised a sentence of between 27 and 33 months in prison, based on a total offense level of 18 and a criminal-history category of I. (Id. at 1). This Court sentenced Defendant to 30 months in prison in the middle of the guideline range. (Doc. No. 60 at 2).

During his time in the Bureau of Prisons, Defendant has not received any disciplinary citations. (Doc. No. 78 at 3). Defendant has completed 5 educational courses and served as an orderly. (Id.). Defendant is scheduled to be released on September 22, 2024. Defendant now asks this Court to reduce his sentence based on Amendment 821 to the Sentencing Guidelines.

II. **Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The

Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease for certain defendants who have zero criminal history points. U.S.S.G. amend. 821 pt. B. A defendant is not eligible for this reduction if (1) he received a terrorism adjustment under U.S.S.G. § 3A1.4; (2) he used violence or credible threats of violence in connection with his offense; (3) the offense resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) he personally caused substantial financial hardship; (6) he possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G. 2H1.1; (8) he received a hate-crime-motivation or vulnerable-victim adjustment, U.S.S.G. § 3A1.1; (9) he was convicted of a serious-human-rights offense, U.S.S.G. § 3A1.5; (10) he received an aggravating-role adjustment, U.S.S.G. § 3B1.1; or (11) he was engaged in a continuing criminal enterprise as defined in 18 U.S.C. § 848. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. §

1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

### III.  Analysis

The Court will grant Defendant's motion. First, Defendant is eligible for a reduction in his sentence. Defendant was assessed zero criminal-history points, and none of the exceptions precluding eligibility for a sentence reduction apply. Reducing Defendant's offense level by two levels would reduce his advisory guideline range to 21 to 27 months in prison, based on a total offense level of 16 and a criminal-history category of I. See U.S.S.G. ch. 5, pt. A; Doc. No. 78 at 2. Defendant is eligible for a sentence of 21 months in prison. A sentence of 24 months in prison would be comparable to the mid-range sentence this Court originally imposed. See id.

Defendant has performed well in prison, avoiding any disciplinary citations. And while he has completed only a modest number of educational courses, his consistent service as an orderly weigh in his favor. Defendant's offense conduct was serious but non-violent. And considering the sentencing objectives described in 18 U.S.C. § 3553(a), those factors, including Sharper's lack of significant criminal history, good performance in prison, and the non-violent

4

nature of his offense conduct, weigh in favor of a sentence reduction. The Court will in its discretion reduce Defendant's sentence to 24 months.

## ORDER

**(1) IT IS, THEREFORE, ORDERED** that Defendant's Motion for a Reduced Sentence (Doc. No. 75) is **GRANTED**.

**(2)** The Court sentences Defendant to a sentence of 24 months, effective February 1, 2024.

Signed: February 29, 2024

.

Max O. Cogburn Jr
United States District Judge